

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,915-01

### EX PARTE KENNIS GATSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W10-55338-Y (A) IN THE CRIMINAL DISTRICT COURT NUMBER SEVEN
### FROM DALLAS COUNTY

*Per curiam*.  **Alcala, J., concurs.**

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated sexual assault with a deadly weapon and sentenced to imprisonment for seventy-five years. The Fifth Court of Appeals affirmed his conviction. *Gatson v. State*, No. 05-11-00392-CR (Tex. App.—Dallas Oct. 7, 2012) (not designated for publication).

Applicant's alleges, *inter alia*, that he received ineffective assistance of counsel at his trial. The trial court, in response to a remand order from this Court, obtained an affidavit from trial

counsel that sufficiently addresses most of the ineffective assistance claims raised by Applicant in this case.[1] However, the affidavit does not sufficiently address Applicant's allegations that counsel was ineffective for:

A. Failing to give an opening statement;

B. Failing to question the DNA analyst who testified at trial;

C. Failing to cross-examine the complainant at sentencing; and

D. Failing to call any witnesses or submit any "positive attributes" of the Applicant during punishment.

The trial court shall order trial counsel to file an additional response to Applicant's claim of ineffective assistance of counsel. In order to resolve this issue, The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

---

[1] The trial court recommends that we deny relief in this application.

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 19, 2016
Do not publish